UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. BRAND, | No. 2:16-cv-2475 MCE CKD P |
| Petitioner, | |
| v. | ORDER & |
| PEOPLE OF THE STATE OF CALIFORNIA, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

  Petitioner, a pretrial detainee in the Rio Cosumnes Correctional Center, is proceeding pro se. He has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

  Petitioner asserts that his confinement is unconstitutional. Generally the writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist to reveal an absence of state processes effective to protect a federal right. See Ex parte Royall, 117 U.S. 241, 245–254 (1886); Fay v. Noia, 372 U.S. 391 (1963), overruled in part by Wainwright v. Sykes, 433 U.S. 72 (1977), and Coleman v. Thompson, 501 U.S. 722 (1991). Federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state

1

1  court remedies with respect to the claim raised.  See Mannes v. Gillespie, 967 F.2d 1310, 1311–
2  1312 (9th Cir. 1992).

3  Further, a federal court generally will not enjoin or directly intercede in ongoing state
4  court proceedings absent the most unusual circumstances.  Younger v. Harris, 401 U.S. 37
5  (1971).  Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an
6  important state interest, and 3) affords the petitioner an adequate opportunity to raise
7  constitutional claims.  Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S.
8  423, 432 (1982).  Here, it appears that criminal proceedings are pending at the pretrial stage.  The
9  proceedings involve the important state interest of not having a federal court interfere in ongoing
10  state criminal proceedings to try collateral issues in piecemeal fashion.  See Dubinka v. Judges of
11  Superior Court of State of Cal. for County of Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994).  It
12  appears that petitioner has access to processes in which he may raise his constitutional issues,
13  including all generally available pretrial and trial processes, and, if petitioner is convicted, the
14  appellate process in the state appellate courts.  Thus, petitioner has an adequate opportunity to
15  raise his constitutional claims.

16  The court need not abstain if there are extraordinary circumstances, such as when the state
17  court proceedings were undertaken for bad faith or for purposes of harassment, or where the
18  statute defining a criminal offense at issue is "flagrantly and patently violative of express
19  constitutional prohibitions."  Dubinka, 23 F.3d at 25; see, Lebbos v. Judges of Superior Court,
20  Santa Clara County, 883 F.2d 810, 816 (9th Cir. 1989).  Petitioner has not shown that such
21  extraordinary circumstances are present.

22  In sum, insofar as petitioner is challenging the legality of his confinement as a pretrial
23  detainee, the petition is premature, and the court will abstain from the exercise of jurisdiction.
24  Where, as here, the Younger abstention doctrine applies, it is appropriate to dismiss the action.
25  See Gibson v. Berryhill, 411 U.S. 564, 577 (1973).

26  Petitioner also claims that his conditions of confinement – e.g., jail officials opening his
27  legal mail – violate the federal Constitution.  A habeas corpus petition is the correct method for a
28  prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573,

574 (9th Cir.1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  As petitioner's mail and access to courts claims do not affect the duration of his confinement, they are not properly brought within this federal habeas action.[1]

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  For the foregoing reasons, and because it does not appear that the petition can be cured by amendment, the petition should be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that petitioner's request for leave to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED that:

1. The petition be dismissed; and

2.  The Clerk of the Court be directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this

---

[1] Petitioner may re-file any claims concerning prison conditions in an action pursuant to section 1983.  Petitioner is advised that the statutory filing fee for such an action is $400.00.  28 U.S.C. §§ 1914(a), 1915(b)(1).

1 case.  Petitioner is advised that failure to file objections within the specified time may waive the
2 right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 Dated:  November 18, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / bran2475.pretrial